UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PIETER TREDOUX, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3: 10-CV-00270-B |
| | § | |
| JACK STEVEN, KUBA MUSIC | § | |
| LIMITED, and KUBA ENTERTAINMENT | § | |
| LIMITED, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Pieter Tredoux's Motion to Remand, filed February 13, 2010. (doc. 3.) Finding that Defendants have failed to submit evidence sufficient to carry their burden of establishing the requisite amount in controversy, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.

## BACKGROUND

This case was filed by Plaintiff Pieter Tredoux ("Plaintiff") on October 15, 2009, in the 193rd Judicial District Court in Dallas County, Texas, asserting claims under Texas law for, *inter alia*, breach of contract and breach of fiduciary duty. (doc. 1, ¶ 1.) Named as defendants were Jack Steven, Kuba Music Limited, and Kuba Entertainment Limited (collectively, "Defendants").

On February 10, 2010, Defendants removed the case to this Court on the basis of diversity jurisdiction. All defendants joined in the removal. (doc. 1, ¶ 14.) Plaintiff filed the instant Motion to Remand on February 13, 2010, contending that Defendants failed to establish federal jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Specifically, Plaintiff argues Defendants did not establish

- 1 -

that the amount in controversy exceeds the sum of $75,000. In the alternative, Plaintiff contends that Defendants failed to timely remove the state court action within the thirty days required under 28 U.S.C. § 1446(b). Defendants respond that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that removal was timely. (doc. 11.) The parties have fully briefed the issues, and the Court now turns to the merits of the arguments.

## II.

## LEGAL STANDARD

In an action which has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). 28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls. *De Aguilar* 47 F.3d 1410. Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Allen v. R &*

*H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In making this determination, the Court must assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000. *Allen*, 63 F.3d at 1336.

## III.

## ANALYSIS

It is well established that the party seeking to invoke federal jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. The complete diversity of the parties is not challenged by Plaintiff. (doc. 3, ¶ 7.) Therefore, the Court will focus its inquiry on the amount in controversy requirement.

In this case it is not facially apparent from the Plaintiff's Third Amended Petition, the operative pleading in this suit, that the amount in controversy exceeds $75,000. Plaintiff does not allege that the amount in controversy is more than $75,000, and the only specific damage amount recited in the Petition is a check for $20,000 from Focus Features (the "Apartment Payment"). (doc. 11-3, Decl. of Jack Steven.) Defendants argue that because Plaintiff also seeks punitive damages and attorney's fees, the amount in controversy necessarily exceeds $75,000. While the consideration of punitive damages makes it more likely that the amount in controversy will exceed $75,000, a vague claim for damages that provides no measure of value will not satisfy Defendants' burden. Defendants' reliance on *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326[1] is unavailing. *Allen* is distinguishable from the instant case in that *Allen* involved several companies, 512 plaintiffs, and a "wide variety of harm allegedly caused by wanton and reckless conduct." *Allen* 63 F.3d at 1336. In

---

[1] Holding that plaintiffs' claim for punitive damages, on its face, was more likely than not greater than the required amount in controversy, so that removal to federal court was proper.

*Allen,* common sense alone strongly indicated that the amount in controversy exceeded the jurisdictional requirement.

If the amount in controversy requirement is not facially apparent from the Petition, Defendants may establish federal jurisdiction by introducing additional evidence showing the amount in controversy requirement is satisfied, in the Petition for Removal or through affidavits. *Menendez v. Wal-mart Stores, Inc.,* 364 Fed. Appx. 62, 70 (5th Cir. 2010). Additional evidence introduced must meet the standards set forth in Fed. R. Civ. P. 56(e). In this case Defendants introduce no additional evidence regarding the amount in controversy, aside from a list of partnership property which does not attribute specific values to any particular property. (doc. 11-3.) Many of the items listed may be valuable, but Defendants have not submitted evidence establishing their value aside from Defendants' own statement that they, "if properly managed, more likely than not" amount to more than the jurisdictional requirement. (doc. 11-3, ¶ 10.) This conclusory statement is insufficient to satisfy Defendants' burden of proof. *See Asociación Nacional de Pescadores v. Dow Química,* 988 F.2d 559, 566 (5th Cir. 1993) (holding that Defendant's "mere assert[ion]" that the sum of Plaintiff's claims exceeded the amount in controversy requirement was not persuasive and thus did not invest the federal court with jurisdiction); *see also Rollwitz v. Burlington Northern Railroad,* 507 F.Supp. 582, 587 (D.Mont. 1981) (holding that the removal statute indicates restrictions on federal jurisdiction that preclude the idea that a removing party may establish jurisdiction by "mere averment" and that the removing party must support his allegations for removal by "competent proof"); *McNutt v. General Motors Acceptance Corporation,* 298 U.S. 178 (1936) (holding that once the plaintiff has disputed allegations of a defendant's petition for removal by denying them in a motion to remand, the burden of proof is on the defendant to prove the

allegations in the removal petition).

Plaintiff also contends (1) Defendants failed to timely remove the case to federal court according to the requirements of 28 U.S.C. § 1446(b) and therefore waived the right to do so (doc. 3, Mot. to Rem. and Br. in Support ¶ 13), and (2) Defendants failed to comply with local rules of removal procedure by filing an incomplete Notice of Removal. (doc. 3, ¶ 17.) The Court need not address Plaintiff's remaining arguments because Defendants' failure to establish diversity jurisdiction is fatal to removal.

IV.

CONCLUSION

Because Defendants fail to meet the burden of proof that the amount in controversy exceeds the amount required for federal jurisdiction under 28 U.S.C. **§** 1332, the Court **GRANTS** Plaintiff Pieter Tredoux's Motion to Remand.

**SO ORDERED**.

**SIGNED August 9, 2010**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE